UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | **Case No. 2:23-cr-270-AMM-NAD-1** |
| ) | |
| **COURTNEY DEON LEWIS,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This case is before the court on Defendant Courtney Deon Lewis's Motion to Dismiss the Indictment. Doc. 27-1. The government filed a response in opposition to Mr. Lewis's motion, Doc. 32, and Mr. Lewis filed a reply brief, Doc. 34. On February 13, 2024, the magistrate judge entered a report recommending that the court deny the Motion to Dismiss the Indictment. Doc. 36. The report and recommendation addresses Mr. Lewis's challenge to "the legal sufficiency of the indictment" and "includes no credibility determinations and no findings of fact." *Id.* at 2. Mr. Lewis filed objections to that recommendation. Doc. 38.

The basis for Mr. Lewis's Motion to Dismiss the Indictment is that "the provision of the federal code under which Mr. Lewis is charged—18 U.S.C. § 922(g)(1)—impermissibly burdens his Second Amendment rights . . . ." Doc. 27-1 at 1. Mr. Lewis argues that the indictment should be dismissed "under the Second

Amendment and *N.Y. State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022)." *Id.*

In his objections, Mr. Lewis reiterates his argument "that the U.S. Supreme Court's decision in . . . *Bruen* undermined *Rozier* to the point of abrogation and that the Court must dismiss the indictment because, applying *Bruen*, 18 U.S.C. § 922(g)(1) is unconstitutional facially and as applied to Mr. Lewis." Doc. 38 at 1. Mr. Lewis does not argue that the magistrate judge's report relied on improper law. His objections are disagreements with the magistrate judge's ultimate legal conclusion based on the applicable law.

This court agrees with the magistrate judge's analysis of the relevant legal authorities. In *Bruen*, the Supreme Court confirmed "that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." 591 U.S. at 10. Under Eleventh Circuit precedent, "§ 922(g)(1) is a constitutional restriction on [a felon's] Second Amendment right." *United States v. Rozier*, 598 F.3d 768, 772 (11th Cir. 2010). The Supreme Court's decision in *Bruen* does not abrogate or otherwise undermine *Rozier*, which remains controlling law in this circuit. Because Mr. Lewis's objections do not support rejecting the magistrate judge's recommendation, the court **OVERRULES** his objections. Doc. 38.

Having carefully reviewed and considered de novo all the materials in the record, including the report and recommendation and objections thereto, the court

hereby **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. Doc. 36. Thus, the court **DENIES** Mr. Lewis's Motion to Dismiss the Indictment. Doc. 27-1.

**DONE** and **ORDERED** this 26th day of April, 2024.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE