# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | **Case No. 2:23-cr-270-AMM-NAD-1** |
| ) | |
| **COURTNEY DEON LEWIS,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This case is before the court on Defendant Courtney Deon Lewis's Motion to Suppress. Doc. 17. Mr. Lewis argues that "[b]ecause law enforcement obtained physical evidence and incriminating statements from Mr. Lewis as a result of an unreasonable Fourth Amendment trespass, the Court must suppress and exclude this evidence against him." *Id.* at 1. The government filed a Response in Opposition. Doc. 18. The magistrate judge conducted a suppression hearing on November 29, 2023. Doc. 25. After the hearing, Mr. Lewis filed a supplemental brief in support of his motion, Doc. 26, the government filed a supplemental response, Doc. 30, and Mr. Lewis filed a supplemental reply, Doc. 31.

On February 13, 2024, the magistrate judge entered a report recommending that the court grant the Motion to Suppress. Doc. 35. The magistrate judge reasoned that "the court should grant this suppression motion because the government has not proved by a preponderance of the evidence that [the officer's] intrusion into Lewis's

vehicle falls within one of the recognized exceptions to the warrant requirement." *Id.* at 17. This recommendation was based on findings that (1) the government "explicitly disclaims any reliance" on the exigent circumstances exception, and (2) "the Eleventh Circuit has not adopted a community caretaking exception . . . ." *Id.* at 17–18 (cleaned up).

The government filed objections to the report and recommendation. Doc. 37. The government does not object to the magistrate judge's factual recitations but objects to the legal conclusion. *Id.* at 1–2. The government argues that the police officer's actions "fall within the scope of the 'community caretaking function.'" *Id.* at 1. The government recognizes that a community caretaking exception to the warrant requirement "has not been formally adopted by the Eleventh Circuit" but argues that "this legal principle has been recognized and applied" by both the Supreme Court and a majority of other circuit courts. *Id.* at 3–4. The government also acknowledges that community caretaking is "not a formally recognized exception to the Fourth Amendment." *Id.* at 4. The government concedes that the exigent circumstances exception does not apply. *Id.* at 2.

Mr. Lewis filed a reply to the government's objections. Doc. 39. Mr. Lewis argues that the magistrate judge correctly concluded that the evidence at issue was obtained "from an unconstitutional trespass and must be suppressed," and "the

Government cannot establish that the entry fell under any exception to the Fourth Amendment's warrant requirement." *Id.* at 4.

Having carefully reviewed and considered de novo all the materials in the record, including the report and recommendation and objections and reply thereto, the court hereby **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. Doc. 35. The government has the burden of proof and has conceded that the exigent circumstances exception does not apply here, and whether this circuit will adopt a community caretaking exception is for the Eleventh Circuit to decide. Thus, the court **GRANTS** Mr. Lewis's Motion to Suppress. Doc. 17.

**DONE** and **ORDERED** this 26th day of April, 2024.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE